UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
RHASEAN GOVAN,

                                                        AMENDED
                     Plaintiff,                    COMPLAINT

                 -against-

THE CITY OF NEW YORK, DETECTIVE ETNA C.
SOBERAL,   Shield No. 7200, POLICE OFFICER       Jury Trial Demanded
WILSON  D. ALBA, Shield No.: 9921, POLICE OFFICER
JONATHAN CALDERON, Shield No. 8217,  LIEUTENANT
COLIN DELANEY, Tax ID No.: 930019, and JOHN and      15 CV 7279 (NG)(CLP)
JANE DOE 1 and 2, Individually and in their official
capacities (the names John and Jane Doe being fictitious,
as the true names   are presently unknown),

                     Defendants.
-------------------------------------------------------------------------x

       Plaintiff, RHASEAN GOVAN,  by his  attorney, EDWARD FRIEDMAN,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiff brings this  action for compensatory damages, punitive damages

and  attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiffs'

civil rights, as said rights are secured by said statutes and the Constitution of the State of

New York and the United States.

## JURISDICTION

       2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth  and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter

pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff RHASEAN GOVAN is a legal residents of the United States and

a resident of the State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the applicable sections of the

aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the defendants, ETNA C.

SOBERAL, WILSON D. ALBA, JONATHAN CALDERON, COLIN DELANEY and

JOHN and JANE DOE 1 and 2 were duly sworn police officers of said department and

were acting under the supervision of said department and according to their official

duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## **FACTS**

13.      On February 6, 2014, the defendants, members of the New York City Police Department, were attempting to effectuate an arrest of plaintiff's brother in the hallway of 1008 St. Marks Avenue, in the County of Kings, City of New York. The defendants placed one handcuff on plaintiff's brother when he avoided the arrest and fled the building  with the handcuff affixed to one hand.

14.     The defendants, after their suspect successfully resisted the arrest, entered the  apartment in the aforementioned building where plaintiff was residing to search for the suspect who had fled the building.

15.     Plaintiff, who was in the apartment when the defendants were attempting to arrest his brother, was approached by the defendants who observed that plaintiff did not have a handcuff affixed to his wrist. The defendants than left the apartment.

16.     On February 12, 2014 at approximately 7:25 P.M  plaintiff was lawfully in his place of residence, to wit, Apartment 10H, 1008 St. Marks Avenue, in the County of Kings, City of New York when defendant SOBERAL  arrested him without probable cause on the following charges: assault in the second degree, assault in the third degree, resisting arrest, attempted assault in the third degree, menacing in the third degree and harassment in the second degree.

17.     On information and belief, plaintiff was arrested for conduct that his brother engaged in on February 6, 2014 when defendants were attempting to arrest him.

18.     Defendant DELANEY supervised the arrest of the plaintiff.

19.     The plaintiff was placed in a line-up and falsely identified as the perpetrator by defendants ALBA and CALDERON.

20.   Plaintiff was then transported to Brooklyn Central Booking. During the arrest processing plaintiff suffered an epileptic seizure and was transported to SUNY Downstate LICH Medical Center where he was handcuffed to a hospital bed and treated. He was then transported back to Central Booking.

21.     On February 13, 2014, he was arraigned in Brooklyn Criminal Court and released on his own recognizance.

22.     The plaintiff was forced to make eight appearances in court. During one of those appearances plaintiff suffered an epileptic seizure.

23.     On December 9, 2014, all charges against plaintiff were dismissed on the merits on motion of the Brooklyn District Attorney's Office.

4

24.    As a result of the foregoing, plaintiff, sustained, *inter alia*, physical injury to his person, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

25.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

27.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

28.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30.    Defendants, collectively and individually, while acting under color of State

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "31" with the same force and effect as if fully set forth herein.

33.     The defendants unlawfully arrested the plaintiff against his will without probable cause.

34.     As a result of the foregoing, plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution Under 42 U.S.C.§1983)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34 with the same force and effect as if fully set forth herein.

36.     Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Kings  County District Attorney's Office.

6

37.     As a result of the aforementioned conduct of defendants, plaintiff  was injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability Under 42 U.S.C. §1983)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "37" with the same force and effect as if fully set forth herein.

39.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

40.     As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure To Intervene Under 42 U.S.C. §1983)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "40" with the same force and effect as if fully set forth herein.

42..     Defendants had an affirmative duty to intervene on behalf of plaintiff whose constitutional rights were being violated in their presence by other officers.

43.     The defendants failed to intervene to prevent the unlawful conduct described herein.

7

44. As a result of the foregoing, plaintiff's' liberty was restricted for an extended period of time, he was  put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

### .AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal LiabilityUnder 42 U.S.C. §1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-American males by the NYPD.   In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's  rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly

authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

49.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

50.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff   as alleged herein.

51.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff was unlawfully  seized, detained and incarcerated.

52.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's  constitutional rights.

53.    All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A.    To be free from false arrest;

      B.    To be free from malicious prosecution;

54.    As a result of the foregoing, plaintiff  is entitled to  compensatory damages in

an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims

### .AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution-NY State Law)

55.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.   Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,  presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57.   The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58.   The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59.   Plaintiff has complied with all conditions precedent to maintaining the instant action.

60.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

61   Defendants initiated, commenced and continued a malicious prosecution

against the plaintiff by providing false and/or misleading information to the Kings  County District Attorney's Office that resulted in the prosecution of plaintiff without probable cause.

62.     As a result of the aforementioned conduct of defendants, plaintiff  was injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

63.   Plaintiff  repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of the plaintiff.

65.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision  Under the Laws of the State of New York)

66 .  Plaintiff  repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Upon information and belief the defendant City of New York failed to use

reasonable care in the training and supervision of the aforesaid defendants who conducted

and participated in the arrest of plaintiff.

## AS AND FOR A TENTH  CAUSE OF ACTION
(Negligence  Under the Laws of the State of New York)

68.    Plaintiff repeats, reiterates, and realleges each and every allegation

contained  in paragraphs numbered "1" through "67" with the same force and effect as if

fully set forth herein.

69.    Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of the defendant City of New York and its employees and agents, who were on

duty and acting in the scope of their employment when they engaged in the wrongful

conduct described herein.

## AS AND FOR AN ELEVENTH  CAUSE OF ACTION
(*Respondeat Superior* Liability Under the Laws of the State of New York)

70.    Plaintiff repeats,  reiterates, and realleges each and every allegation

contained in paragraphs numbered "1" through "69" with the same force and effect as if

fully set forth herein.

71.    Defendant City of New York is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when

they engaged in the wrongful conduct described herein.

72.    As a result of the foregoing, plaintiff is entitled to compensatory damages in

an amount to be fixed by a jury, and is further entitled to punitive damages against the

individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

A.      Full and fair compensatory damages in an amount to be determined by a jury;

B.      Punitive damages in an amount to be determined by a jury;

C.      Reasonable attorney's fees and the costs and disbursements of their actions; and

D.      Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        May 18, 2016


                                        s/_____
                                        EDWARD FRIEDMAN (EDF 4000)
                                        Attorney for Plaintiff

                                        26 Court Street - Suite 1903
                                        Brooklyn, New York  11242
                                        (718) 852-8849